UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RONELL L. ROBERTS,

    Petitioner,

    v.      CAUSE NO. 3:24-CV-208-PPS-JEM

WARDEN,

    Respondent.

## OPINON AND ORDER

Ronell L. Roberts, a prisoner without a lawyer, filed a motion to reconsider the order dismissing the habeas petition as untimely. Based on the timing of this motion, I construe it as a motion under Federal Rule of Civil Procedure 60(b). This rule authorizes me to relieve a party from a final judgment based on: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; or . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

On May 1, 2024, I dismissed the habeas petition as untimely based on the following:

> Based on review of the petition, the date on which the judgment became final is the applicable starting point for calculating timeliness. According to the petition, Roberts was sentenced on February 6, 2017, and his direct appeal culminated in the Indiana Supreme Court's denial of a petition to transfer on October 14, 2017. Therefore, his conviction became final for

> purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for petitioning the Supreme Court of the United States for a writ of certiorari expired on January 11, 2018. *See* U.S. Sup. Ct. R. 13(1) (petition for writs of certiorari must filed within 90 days after entry of judgment); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (when a State prisoner does not petition the Supreme Court of the United States on direct appeal, his conviction becomes final when the time for filing a petition expires). 195 days later, on July 25, 2018, Roberts initiated post-conviction proceedings that culminated in the Indiana Supreme Court's denial of transfer on July 13, 2023. The federal limitations period expired 170 days later, on January 2, 2024. Roberts did not file the petition in this habeas case until March 7, 2024. Because Roberts filed the petition two months too late, I find that the petition is untimely.

[ECF 5 at 3.] Roberts appealed, and on October 21, 2024, the Seventh Circuit denied an application for a certificate of appealability and his request to proceed in forma pauperis. His appeal was therefore dismissed. *Roberts v. Neal*, No. 24-1911 (7th Cir. Oct. 21, 2024) (DE 8).

The first question is whether Roberts' motion to reconsider should be considered a successive petition. It should not. *Gonzalez v. Crosby*, 545 U.S. 524 (2005), is almost directly on point. There, the Supreme Court distinguished between: (1) Rule 60 motions seeking to add a new claim or seeking reconsideration of the merits of a previous claim, which should be treated as successive petitions under 28 U.S.C. § 2244(b); and (2) Rule 60 motions challenging a procedural ruling such as failure to exhaust, procedural default, or untimeliness, which should be treated as ordinary Rule 60 motions. In other words, under *Gonzalez*, a Rule 60(b) motion that does not assert a substantive claim cannot be fairly characterized as a "habeas petition", successive or otherwise. Roberts' present motion plainly falls under the second *Gonzalez* category. Therefore, it is not successive petition. So, I must address the substance of Roberts' motion.

In the motion to reconsider, Roberts argues that I should have excused the untimely nature of his habeas petition based on equitable tolling. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). Petitioners must show reasonable diligence in pursuing their rights throughout the federal limitations period and until the date the habeas petition is filed. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). "It is the petitioner's burden to establish both of these points." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014).

To start, I credit Roberts' representations that he diligently pursued his rights during the pendency of post-conviction proceedings. However, consistent with 28 U.S.C. § 2244(d)(2), I did not count any days during this timeframe toward the federal limitations period in my prior order; in other words, these days were subject to statutory tolling.

With respect to equitable tolling, my primary concern is the 238 days between the date the Indiana Supreme Court denied the petition to transfer on post-conviction review and the date Roberts filed the habeas petition initiating his case. Though Roberts represents that he experienced lockdowns that limited his access to the law library, he does not describe his efforts to file a federal habeas petition during these 238 days. Further, he only vaguely describes how these obstacles prevented him from filing a timely habeas petition without any specific explanation as to how they frustrated his efforts and without a detailed timeline. Additionally, I observe that the list of lockdown

3

dates provided by Roberts (ECF 16-1 at 1) does not reflect "constant back-to-back cellhouse lockdowns" as Roberts suggests but instead reflects that Roberts spent, at most, 61 of the 238 days on lockdown.[1] Moreover, this list expressly states, "Please note, when the facility is on lock down, any unit has the use of the Law Library as if in a restricted housing unit."

A finding of equitable tolling would also require Roberts to address the 195 days between the date when the time to file a petition for a writ of certiorari expired on direct appeal and the date on which Roberts initiated post-conviction proceedings in State court. Because Roberts has not demonstrated his entitlement to equitable tolling, I decline to reopen this case and deny the motion to reconsider.

For these reasons, the court DENIES the motion to reconsider (ECF 16),

SO ORDERED on November 6, 2024.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT

---

[1] Roberts does not identify the cellhouse in which he resided, but, assuming that he remained in a single cellhouse during the 238 days, he spent somewhere between 8 days (if he remained in A Cellhouse) and 37 days (if he remained in C Cellhouse) on lockdown. He would have spent 61 days in lockdown only in the unlikely event that lockdowns followed him around as he moved from cellhouse to cellhouse.

4