UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RONELL L ROBERTS,

    Petitioner,

    v.        CAUSE NO. 3:24-CV-208-PPS-JEM

WARDEN,

    Respondent.

OPINION AND ORDER

    Ronell L Roberts, a prisoner without a lawyer, filed a second motion for relief from my order denying his habeas petition pursuant to Fed. R. Civ. P. Rule 60(b). ECF 19. Rule 60 authorizes me to relieve a party from a final judgment based on: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; or . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

    "A motion under Rule 60(b) must be made within a reasonable time and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "[I]f the asserted ground for relief falls within one of the enumerated grounds for relief subject to the one-year time limit of Rule 60(b), relief under the residual provision of Rule 60(b)(6) is not

available." *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). "To permit relief under the catchall provision in such situations would render the one-year time limitation meaningless." *Id.* "Accordingly, [courts] have held that the first three clauses of Rule 60(b) and the catchall clause are mutually exclusive." *Id.* (citation omitted). "A court must not extend the time to act under . . . Rule 60(b)." Fed. R. Civ. P. 6(b)(2).

On May 1, 2024, I dismissed the habeas petition because it was untimely under 28 U.S.C. § 2244(d) and because the assertion of actual innocence did not satisfy the standard set forth in *Schlup v. Delo*, 513 U.S. 298, 327-29 (1995). ECF 5. On November 4, 2024, Roberts filed his first motion for relief under Rule 60(b), arguing that I should excuse the untimely nature of the petition based on equitable tolling. ECF 16. On November 6, 2024, I denied that motion, finding that his description of limited access to the law library was too vague to demonstrate that he was entitled to equitable tolling. ECF 17.

On December 19, 2025, Roberts filed this motion for relief under Rule 60(b), in which he provides more detail to support his equitable tolling argument and asks me to reconsider the dismissal of this case. Notably, this motion is most fairly characterized as falling under either Rule 60(b)(1) or Rule 60(b)(2). This motion is thus subject to the one-year deadline set forth in Fed. R. Civ. P. 60(c)(1), and I do not have authority to extend this deadline. Because Roberts filed this motion more than seven months too late, I deny this motion as untimely.

2

For these reasons the court DENIES the motion for relief from a judgment or order (ECF 19).

SO ORDERED on December 23, 2025.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT